Matthew Kiman v. NH DOC          CV-01-134-B    12/19/01
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew Kiman

     v.                          Civil No. 01-134-B
                                 Opinion No. 2001 DNH 228
New Hampshire Department
of Corrections, et al.


                 MEMORANDUM AND ORDER


     The United States Supreme Court is in the midst of a

reassessment of its Eleventh Amendment jurisprudence that began

with Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 59-66

(1996), and finds its most recent expression in Bd. of Trustees

of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360-74 (2001).  In

Garrett, the Court held that Congress did not effectively

abrogate Eleventh Amendment immunity with respect to Title I of

the Americans with Disabilities Act of 1990 ("ADA").  See id.  In

doing so, the Court expressed no opinion as to whether the

Eleventh Amendment also bars damage claims based on Title II of

the ADA.  See id. at 360, n.1.  Defendant's motion to dismiss

squarely presents this question left open in Garrett.

Garrett provides specific guidance as to how a court should evaluate a claim that Congress has abrogated Eleventh Amendment immunity. See, e.g., Garrett, 531 U.S. at 360-74. Three circuit courts have applied Garrett's methodology to claims based on Title II. See Reickenbacker v. Foster, 2001 WL 1540402 (5th Cir. 2001); Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 2001 WL 1159970 (2d Cir. 2001); Thompson v. Colorado, 258 F.3d 1241 (10th Cir. 2001). All three have concluded that the claims before them were barred by the Eleventh Amendment. See Reickenbacker, 2001 WL 1540402, at *5-7; Garcia, 2001 WL 1159970, at *6-9; Thompson, 258 F.3d at 1249-55. After carefully reviewing these decisions and the parties' memoranda in this case, I am satisfied that the Eleventh Amendment deprives the court of jurisdiction to consider plaintiff's Title II claim. No purpose would be served by recapitulating the analyses provided by the Second, Fifth, and Tenth Circuits.[1]

_____

[1] The Second Circuit has suggested that the Eleventh Amendment does not bar a Title II claim if the plaintiff alleges and proves that the defendant was motivated by discriminatory animus or ill will based on disability. See Garcia, 2001 WL 1159970, at *9-10. Because the plaintiff in this case does not allege that he was the victim of intentional discrimination, I need not determine whether the Second Circuit's conclusion on this point is correct.

Defendant's motion to dismiss (doc. no. 11) is granted.  I decline to exercise supplemental jurisdiction over plaintiff's state law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December 19, 2001

cc:  Nancy S. Tierney, Esq.
     Andrew B. Livernois, Esq.